UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANTA BOB,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>CITY OF LONG BEACH, *et al.*,<br><br>　　　　Defendants. | Case No. 2:22-cv-2127-JFW-GJS<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE** |

### INTRODUCTION

On March 31, 2022, Defendants removed the above-entitled action from the Los Angeles County Superior Court to the Central District on the grounds that, inter alia, Plaintiff, a California resident proceeding pro per, alleged violations of the Fourth Amendment and other federal questions in his complaint. [Dkt. 1.] On April 7, 2022, Defendants filed a partial Motion to Dismiss (the "Motion") for failure to state a claim for which relief can be granted. [Dkt. 7.] On April 20, 2022, the Court ordered Plaintiff to file an Opposition to the Motion no later than April 29, 2022. [Dkt. 11.]

Seven weeks passed without an Opposition or any other correspondence from Plaintiff. Having heard nothing from Plaintiff since removal, on June 22, 2022, the Court ordered Plaintiff to show cause, by July 12, 2022, why the Court should not

dismiss this case for want of prosecution pursuant to Federal Rule of Civil procedure 41(b). [Dkt. 12.] The Court alternatively advised Plaintiff that he could discharge the Order to Show Cause ("OSC") by filing an opposition to the pending Motion or request an extension of time to do so. [Dkt. 12.] The Court expressly cautioned Plaintiff that his failure to act as specified in the OSC would result in the recommendation of dismissal of the action pursuant to Fed. R. Civ. P 41(b) for failure to prosecute. The Clerk served a copy of that Order on Plaintiff directly at the address which he provided to the Court. [Dkt. 12.]

Plaintiff's deadline to respond to the Court or otherwise prosecute this case has passed. As of the date of this Order, Plaintiff has not filed any response to the Court or otherwise prosecuted this case since March 31, 2022.

## DISCUSSION

Under Federal Rule of Civil Procedure 41(b), the Court may *sua sponte* dismiss an action for failure to prosecute and comply with court orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-33 (1962); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-63 (9th Cir. 1992). In determining whether dismissal for lack of prosecution is proper, a court must weigh several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006).

Here, the first and second factors favor dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."). Plaintiff has failed to respond to the Court's order or seek an extension. Plaintiff's conduct hinders the Court's ability to move this case toward disposition and indicates that he does not intend to litigate this action diligently.

2

The third factor (the risk of prejudice to the defendant) also favors dismissal. Although the mere pendency of a lawsuit is not prejudicial in and of itself, a failure to provide a reasonable excuse for defaulting on a court order can indicate sufficient prejudice to warrant dismissal. *See Yourish*, 191 F.3d at 991-92 ("Plaintiff['s] paltry excuse for his default on the judge's order indicates that there was sufficient prejudice to Defendants . . . ."). Here, Plaintiff has provided no explanation – much less a reasonable one – for his failure to respond to the OSC. *See id.*; *Sw. Marine Inc. v. Danzig*, 217 F.3d 1128, 1138 (9th Cir. 2000) ("Unreasonable delay is the foundation upon which a court may presume prejudice.").

The fourth factor generally weighs against dismissal; however, it assumes that a litigant has complied with the statutory obligations imposed under Rule 11(b) and has manifested a diligent desire to prosecute his or her claims. *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) ("[T]his factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction.") (citation and internal quotation marks omitted). Where, as here, the plaintiff has failed to respond to a valid Court order, the fourth factor favors dismissal.

Finally, the fifth factor, the availability of less drastic sanctions, weighs in favor of dismissal where, as here, the OSC warned Plaintiff that his failure to comply with the Court's Order could result in dismissal of this action. Having been so cautioned, yet having ignored the Order to file a response, it appears that Plaintiff has no interest in pursuing this case. Indeed, he implicitly has conceded that he has no interest in prosecuting it. Under these circumstances, dismissal is appropriate.

A balancing of these factors thus leads to the conclusion that dismissal without prejudice, pursuant to Rule 41(b), is warranted. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992) (dismissal appropriate when strongly supported by

three factors); *Malone v. United States Postal Serv.*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (dismissal appropriate when supported by four factors).

## CONCLUSION

Accordingly, for the foregoing reasons, IT IS ORDERED that this case is dismissed without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

DATED: July 21, 2022

_____
JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE